**Dated: April 27, 2010**
**The following is ORDERED:**



_____
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

**Baker Hughes Oilfield Operations, Inc.; Simmons Petroleum, Inc.; Texas CES, Inc.; I.E. Miller Services, Inc.; and T.K. Stanley, Inc.**

   **Plaintiffs**

vs.                 Case No. 10-8007-TRC

**Liberty Energy, LLC, et al.**

   **Defendants.**

### ORDER TRANSFERRING VENUE

On the 10th day of March, 2010, there came on for hearing before this Court the Motion to Transfer Venue filed by Liberty Energy, LLC ("Liberty") (Docket Entry 7), with Objection of Baker Hughes Oilfield Operations, Inc., Simmons Petroleum, Inc., Texas CES, Inc., I. E. Miller Services, Inc., and T. K. Stanley, Inc. ("Plaintiffs") (Docket Entry 31), and Reply of Liberty (Docket Entry 50); and Motion for Order (I) Remanding Removed State Court Action; or (II) in the Alternative, for

Abstention filed by Plaintiffs (Docket Entry 27), with Response and Objection of Liberty (Docket Entry 43), Joinder to Motion to Remand of Defendants Smith International and Thomas Energy Services (Docket Entry 48), Reply of Plaintiffs (Docket Entry 51), and Plaintiffs' Supplement to Motion to Remand (Docket Entry 58). After the hearing, with permission of the Court, Liberty filed a Supplement to its Reply to Motion to Remand (Docket Entry 68).[1] Appearances were entered by Shari Heyen and William Hoch for Liberty, Davidson Pardue and Ken Green for Baker Hughes Oilfield Operations, Inc., Mike Bigheart for Brickman Pass Line, Thomas Manning for Titan Tanks, and Michael Gray for Awesome Transport, LLC.

The parties have consented to the entry of final orders or judgments by this Court (Docket Entries 1 and 26). This Order constitutes the Court's findings of fact and conclusions of law consistent with Fed. R. Bankr. P. 7052. After hearing the arguments of counsel and reviewing the pleadings, this Court determines that the Motion to Transfer Venue to the Bankruptcy Court for the Northern District of Texas, Dallas Division, should be granted, and the remaining motions should be decided by that court.

**I.      Relevant Facts.**

The relevant facts that this Court presumes as true for the purpose of these motions are summarized as follows:

This case involves oil and gas leases located in Hughes County, Oklahoma. Liberty entered into a joint operating agreement regarding these oil and gas properties with Cornerstone E & P

---

[1] Cornerstone E & P Company, L.P., and its affiliated debtor Cornerstone Southwest GP, LLC, filed a Brief in Support of Liberty's Motion to Transfer Venue (Docket Entry 55), but withdrew that Brief shortly after the hearing (Docket Entry 60). The Withdrawal stated that Cornerstone wished to remain neutral regarding the motion to transfer venue.

Company, LP ("Cornerstone"), with Cornerstone as the operating working interest owner and Liberty as one of several non-operating working interest owners. Plaintiffs contracted with Cornerstone to provide various goods and services in connection with oil and gas operations conducted by Cornerstone in Texas and Oklahoma. When Plaintiffs' bills to Cornerstone went unpaid, Plaintiffs filed statutory oil and gas leasehold liens against the property interests owned by Cornerstone, Liberty, and other non-operating working interest owners in Hughes County, Oklahoma, pursuant to Oklahoma law.

Plaintiffs filed this action in the District Court of Hughes County, Oklahoma, on January 8, 2010, seeking declaratory relief and enforcement of their liens. Their lawsuit contains three separate causes of action. The first cause of action seeks a declaratory judgment that Plaintiffs possess valid, perfected, enforceable liens against Liberty's interests in the Oklahoma properties, seeks a determination of Liberty's relationship with Cornerstone, whether Liberty was a joint venturer and/or mining partner of Cornerstone, and a determination of Liberty's legal obligations as a partner with Cornerstone to Plaintiffs. The remainder of their lawsuit seeks foreclosure of Plaintiffs' liens as to the properties. Plaintiffs' Petition does not name Cornerstone as a defendant to this action.

Approximately five months prior to Plaintiffs' filing of the state court action, on June 16, 2009, Cornerstone and its related entities filed for relief under Chapter 11 of title 11 of the United States Bankruptcy Code. The cases were administratively consolidated under Case No. 09-35228-BJH after Cornerstone filed bankruptcy. Each of the Plaintiffs has filed a proof of claim in Cornerstone's bankruptcy. Plaintiffs have filed an adversary proceeding against Cornerstone and its lender to determine the validity, priority, and extent of their claimed liens as to the same oil and gas properties in Texas and Oklahoma.

Liberty removed the Hughes County case to this Court on February 2, 2010, pursuant to 28 U.S.C. § 1452(a), Fed. R. Bankr. P. 9027, and the Local Rules of this Court. Liberty then filed its Motion to Transfer Venue to the United States District Court for the Northern District of Texas, with an automatic referral to the Bankruptcy Court for the Northern District of Texas, Dallas Division, or, alternatively, for transfer directly to the Bankruptcy Court for the Northern District of Texas, Dallas Division. Plaintiffs and some Defendants oppose transfer of venue and, instead, urge this Court to remand back to Hughes County District Court, or abstain.

## II.     Contentions of the Parties.

Liberty argues that this Court has jurisdiction over this case because it will impact the administration of the Cornerstone bankruptcy. Liberty also argues that the Texas bankruptcy court is better equipped to determine the issues in this case because it is intimately familiar with the lien claims, the underlying bankruptcy of Cornerstone, the claims filed in that case, and the possible impact this lawsuit may have against Cornerstone's bankruptcy estate and Liberty's potential liability for Cornerstone's debts. It urges this Court to transfer venue and allow the Texas bankruptcy court to determine the issues involved in this lawsuit in connection with the Cornerstone bankruptcy and adversary proceeding.

Plaintiffs argue that this is simply a lien foreclosure action under state law, which does not involve Cornerstone in any way. They argue that Liberty's interests are not being determined in its adversary proceeding against Cornerstone, and that Liberty is simply attempting to delay the foreclosure of Plaintiffs' liens by removing the case to federal court. Plaintiffs also argue that the Texas bankruptcy court does not have jurisdiction over a lien foreclosure action involving non-debtor property located in Hughes County, Oklahoma. They urge remand of this case or,

alternatively, that this Court abstain from hearing this matter. Defendants Smith International, Inc. and Thomas Energy Services join Plaintiffs in their motion to remand back to state court.

### III. Conclusions of Law.

Bankruptcy courts only have jurisdiction and powers expressly granted by Congress. *In re Gardner*, 913 F.2d 1515, 1517 (10th Cir. 1990) citing *Johnson v. First Nat'l Bank of Montevideo*, 719 F.2d 270, 273 (8th Cir.1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 243 (1984). Bankruptcy courts have jurisdiction over core proceedings, and may have jurisdiction over non-core proceedings if the case is one related to title 11 proceedings. Core proceedings are those matters that have no existence outside of bankruptcy. 28 U.S.C. § 157(b)(1); *Gardner*, 913 F.2d at 1518. "Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings." *Id*.

Bankruptcy courts have jurisdiction over a non-core proceeding if it is otherwise "related to" a case under title 11. "A proceeding is 'related to' a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, but the 'outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy.'" *Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 771 (10th Cir. BAP 1997) quoting *Gardner*, 913 F.2d 1518. "Related proceedings 'include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate.'" *Id.* quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.5 (1995).

This Court finds that it does have "related to" jurisdiction over this case. Plaintiffs' action seeks a determination of the relationship between Liberty and Cornerstone, the right of control over

the development and operation of the oil and gas properties, and the resulting obligations of Liberty to Plaintiffs. This includes a determination regarding the apportionment of operating expenses, associated costs, and attachment of proceeds of wells between Liberty and Cornerstone. Plaintiffs' action also seeks a determination regarding the validity and scope of their liens on Oklahoma property as against Liberty. The Court recognizes that this is a lawsuit between two non-debtor parties, which includes causes of action under state law. However, it appears to this Court based upon the information before it that the outcome of this lawsuit could impact the handling and administration of Cornerstone's bankruptcy estate, and affect its rights, liabilities, options or freedom of action. *In re Gardner*, 913 F.2d at 1518. Therefore, this Court finds that it has jurisdiction over this matter.[2]

Liberty seeks an order transferring venue to the Texas bankruptcy court pursuant to 28 U.S.C. § 1412, which provides that a court may transfer a case under title 11 to another district if transfer is "in the interest of justice or for the convenience of the parties." The burden of proof on a motion to transfer venue is on the party requesting the transfer, and it must meet its burden by a preponderance of the evidence. Ultimately, however, the decision of whether to transfer venue rests within the sound discretion of the bankruptcy court. *See, Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991); *In re Hechinger Inv. Co. of Delaware, Inc.*, 288 B.R. 398 (Bankr. D. Del. 2003).

Where a court is simultaneously confronted with a motion to transfer venue pursuant to 28

---

[2] Liberty argues that this matter is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2). While it is conceivable that the determination of the validity, extent, and priority of Plaintiffs' liens in this lawsuit could affect the administration of the estate to such a degree as to be considered a core proceeding, the Court need not resolve that issue, having determined that it has "related to" jurisdiction.

U.S.C. § 1412 of an action removed from state court, and a motion to remand or otherwise abstain from hearing the case, the prevailing view is that the action should be transferred to the bankruptcy court where the underlying bankruptcy is pending, and that court should determine whether to remand or abstain from hearing the action. *City of Liberal, Kansas v. Trailmobile Corp.,* 316 B.R. 358, 363 (D. Kan. 2004) (citations omitted). Other factors to consider in deciding motions to transfer venue in the context of adversary proceedings in bankruptcy are: (1) efficient administration of the bankruptcy estate; (2) presumption in favor of trying cases "related to" a bankruptcy case in the court in which the bankruptcy is pending; (3) judicial efficiency; (4) ability to receive a fair trial; (5) the state's interest in having local controversies decided within its border; (6) enforceability of a judgment rendered; and (7) plaintiff's choice of forum. *In re Harwell*, 381 B.R. 885, 892 (Bankr. D. Colo. 2008) (citations omitted.).

In this case, the prevailing view and presumption in favor of trying this adversary proceeding in the same court as the main bankruptcy case of Cornerstone weighs in favor of transferring the case to the Bankruptcy Court for the Northern District of Texas, Dallas Division. The bankruptcy court in the Northern District of Texas is obviously more familiar than is this Court with the Cornerstone bankruptcy, Plaintiffs' adversary case, Cornerstone's business relationship and operating agreement with Liberty, and Plaintiffs' claims against both entities. That court certainly is in a better position to determine how and to what extent the outcome of this case will affect the administration of the bankruptcy estate and the administration of assets. This Court does not desire to interfere with the administration of the Cornerstone bankruptcy, therefore transfer of venue to bankruptcy court in the Northern District of Texas is proper in this situation.

Although Plaintiffs' choice of forum is an important consideration, the Court finds that the

presumption outweighs it. There appears to be little inconvenience to the parties to transfer this case to the Texas bankruptcy court since the parties are already litigating related issues in that court. Plaintiffs have presented no reason why evidence and witnesses could not be available for trial in Dallas, as opposed to Hughes County, Oklahoma. This Court has very little information regarding the expediency with which this matter could be heard in either court, except that trial has been set in Plaintiffs' adversary for late summer. Based upon all of these factors, this Court believes that the Cornerstone bankruptcy court is in a better position to determine Plaintiffs' motion to remand or abstain. *See In re Aztec Industries, Inc.*, 84 B.R. 464 (Bankr. N.D. Ohio 1987).

## IV.    Order of the Court

IT IS THEREFORE ORDERED that the Motion to Transfer Venue filed by Liberty Energy, LLC (Docket Entry 7) is **granted**.

IT IS FURTHER ORDERED that the Clerk of the Bankruptcy Court of the Eastern District of Oklahoma shall transmit the record in this proceeding to the Clerk of the Bankruptcy Court for the Northern District of Texas, Dallas Division, to be associated with Case No. 09-35228-BJH, and file a certificate of such transmission in this proceeding.

###